JOHN E. HUTH, ASSIGNEE OF E. A. BROMUND COMPANY, A CORPORATION, PLAINTIFF, v. JEAN JORDEAU, INCORPORATED, A CORPORATION, DEFENDANT.

Decided January 20, 1932.

For the plaintiff, *Tumulty & Tumulty*.

For the defendant, *Lionel P. Kristeller*.

OLIPHANT, C. C. J.   This case was heard by the court sitting without a jury.   On October 6th, 1930, plaintiff and defendant entered into a contract whereby plaintiff agreed to sell to defendant approximately fifteen thousand (15,000) pounds of beeswax, to be taken as required throughout one year from date.   The price was to be thirty-six cents per pound (subject to proportionate reduction if the market price should decline).   A total of twenty-seven thousand (27,000) pounds was ordered and delivered.   The market price of beeswax at the date of the signing of the contract was forty-eight cents per pound.   The price declined during the life of the contract, but never below the figure of thirty-six cents.   On December 15th, 1930, the price had gone to forty-one cents and on March 2d, 1931, to thirty-nine cents, but the defendant continued to pay the price of thirty-six cents.   Orders under date of May 25th, 1931, were delivered and billed for.   The goods purchased on that date at thirty-six cents a pound amounted to twenty-seven hundred dollars ($2,700).   The defendant then claimed that the contract provided that the price should always be three-fourths of the

market price, made deductions accordingly for all goods bought under it and offered payment of $1,446.75 in settlement of the account. This was refused, plaintiff contending the price was to be thirty-six cents per pound unless the market price declined under that figure. The whole course of dealings between the parties bears out the plaintiff's contention. Practically all orders given by defendant specified a thirty-six cent price, all bills were made out at that figure and paid for by defendant except the last order of May 25th. It seems to be a belated discovery by defendant that it was entitled to a deduction or rebate. Its excuse for not taking it on each bill was that they thought they would do so at the end of the contract. Business men do not deal in that manner. They take what they believe is due them at the time it is due. As before stated, I am satisfied from the whole course of dealing between the parties that the construction of the price clause of the contract is that the price of the beeswax be thirty-six cents per pound unless the market price declined below that figure. As that contingency never happened, the plaintiff is entitled to a verdict in the sum of $2,781.

Judgment for that amount will be awarded.